IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN, NEW JERSEY

---

| | | |
|---|---|---|
| CHRISTINE M. WARNETT as Administratrix | : | |
| of the ESTATE OF KEVIN JOHN WARNETT | : | **AMENDED** |
| | : | **COMPLAINT** |
|     and | : | |
| | : | |
| CHRISTINE M. WARNETT | : | |
| 5015 Route 33, Apartment 4 | : | |
| Wall Township, NJ 07727-3948, | : | |
|                 Plaintiffs, | : | |
|     vs. | : | |
| | : | **CIVIL ACTION** |
| CORRECTIONAL MEDICAL SERVICES, INC. | : | |
| 12657 Olive Boulevard | : | **No. 07-1291 (JHR)** |
| St. Louis, Missouri 63141, | : | |
| | : | |
|     and | : | **JURY TRIAL DEMANDED** |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS | : | |
| Whittlesey Road | : | |
| P.O. Box 863 | : | |
| Trenton, NJ 08625, | : | |
|             Defendants. | : | |

---

## Introduction

1.    This action for declaratory, monetary and other appropriate relief is brought by the Plaintiff, the Estate of Kevin John Warnett, and his wife to redress the intentional, reckless, and/or negligent violations by the Defendants of the rights secured to Plaintiff, Kevin John

Warnett, by the laws of the United States of America and the statutory and common law of the State of New Jersey.

2.      The Defendants intentionally, recklessly, and/or negligently provided medical care to Plaintiff, Kevin John Warnett, while under their exclusive care and were deliberately indifferent to his serious medical conditions which ultimately lead to his untimely death while in the care of the Defendants.

3.      As set forth more fully in Counts I through IX of this Amended Complaint, the Defendants' deliberate indifference to the substantial risk of serious harm to Plaintiff, Kevin John Warnett's, health and safety caused by his pre-existing and known medical conditions and their failure to provide adequate and proper care violated Plaintiff, Kevin John Warnett's, rights, guaranteed under the Eighth Amendment to the United States Constitution as made applicable to the states through the Fourteenth Amendment, to be free from cruel and unusual punishment, as well as to not be deprived of life or liberty without due process of law.  Accordingly, Defendants are liable to Plaintiff, the Estate of Kevin John Warnett, under 42 U.S.C. §§1983 and 1988.  In this instance, a five (5) year prison sentence for a relatively minor felony turned into the death penalty for Plaintiff, Kevin John Warnett.  In addition, Defendants' conduct constituted negligence, medical malpractice, intentional infliction of emotional distress and negligent infliction of emotional distress under the common law of New Jersey and violated the Americans with disabilities Act, 42 U.S.C. §1231, *et seq.*

## Jurisdiction and Venue

4.      This Court has jurisdiction over the Federal law claims of Plaintiffs, pursuant to 28 U.S.C. § 1331, 1343(a)(3), § 1983, and jurisdiction of the state law claims of Plaintiff, the

Estate of Kevin John Warnett, and Plaintiff Christine M. Warnett, pursuant to the principles of pendant and ancillary jurisdiction.

5.      Venue is proper in this district pursuant to 28 U.S.C.§1391 as the events that give rise to the claims of Plaintiff, the Estate of Kevin John Warnett, and Christine M. Warnett occurred in the State of New Jersey.

## Parties

6.      Plaintiffs, the Estate of Kevin John Warnett and Christine M. Warnett, are citizens of the state of New Jersey, with a marital address of 5015 Route 33, Apartment 4, Wall Township, NJ  07727-3948.

7.      At the time of Plaintiff Kevin John Warnett's death, he was an inmate residing at South Woods State Prison, in the City of Bridgeton, State of New Jersey.

8.      Defendant Correctional Medical Services, Inc. ("CMS") is a corporation organized and existing under the laws of the State of Missouri, and which maintains a principle place of business of 12657 Olive Boulevard, St. Louis, Missouri 63141.

9.      Defendant, the New Jersey Department of Corrections, was the agency of the state of New Jersey that was ultimately responsible for the care of Plaintiff, Kevin John Warnett, during the time he was in its custody.

## Facts

10.     The New Jersey Department of Corrections ("NJDOC") is legally charged with the responsibility to ensure that all persons committed correctional facilities in the State of New Jersey are confined with the level of custody necessary to protect the public and they are required

to provide each such person with appropriate care, discipline, training and treatment during the term of their sentence.

11.    At all times Defendant CMS was and is a corporation that has been delegated the responsibility of the NJCOC and the commissioner to provide healthcare services to inmates. These duties have been delegated by contract between CMS and the NJDOC.

12.    At all times relevant hereto, each of the individual CMS defendants were agents of CMS or medical providers employed or supervised by CMS and within the scope of their duties, each was delegated the duties of cared owed to the Plaintiff, Kevin John Warnett, by CMS.

### Plaintiff, Kevin John Warnett's Preexisting Conditions

13.    Plaintiff, Kevin John Warnett, entered into the custody of the State of New Jersey on September 27, 2002.

14.    At the time of Plaintiff's admission into the state correctional facility, he had been diagnosed with serious pre-existing conditions.

15.    Plaintiff suffered from a history of deep venous thrombosis, a condition for which Plaintiff was receiving Coumadin therapy as well as other medical treatment.

16.    At the time of his admission, Plaintiff, Kevin John Warnett, had also suffered from gastro-intestinal disorders, including a peptic ulcer.

17.    Upon admission into the State Correctional Facility, Plaintiff, Kevin John Warnett, informed the state medical providers of his past conditions, and the severity of his deep venous thrombosis, which Plaintiff, Kevin John Warnett, had been informed would possibly result to the loss of his leg or possibly his life if not properly treated and monitored over the course of his lifetime.

18.     While in the care and custody of Defendants, NJDOC and CMS, Plaintiff, Kevin John Warnett's Coumadin therapy was improperly altered and stopped without adequate explanation or testing causing Plaintiff, Kevin John Warnett, to fear loss of his leg and/or life. Moreover, Plaintiff, Kevin John Warnett, was given access to additional medications which had a deleterious effect on his health and ultimately contributed to his death.

**Plaintiff, Kevin John Warnett's Post-Incarceration Care**

19.     While in the custody and care of the NJDOC and CMS, Plaintiff's medication and treatment for deep venous thrombosis was improperly altered by the medical providers.

20.     Plaintiff failed to receive adequate explanation of the change in his medical condition.

21.     Plaintiff informed his health care providers, specifically, Lisa Renne Kuntz, a Registered Nurse and Nurse Practitioner employed at South Woods State Prison of his condition and concern that this condition was not being properly managed.

22.     "Doctor" Kuntz, as she requires the inmates to call her, summarily rejected Plaintiff's assertions that his life was in danger and failed to adequately explain why a change in treatment had been made.

23.     Following this change in treatment, Plaintiff developed a non-healing wound on his leg.

24.     This wound was similar to a wound received prior to Plaintiff incarceration and prior to his Coumadin therapy.

25.     Plaintiff required surgery to properly treat his non-healing wound.  This surgery was performed at St. Francis Hospital.

26.     Following this surgery, Plaintiff was required to have daily dressing changes and was prescribed pain medication.

27.     Despite the prescription from the hospital physician, Plaintiff pain medication was prematurely terminated.

28.     In addition, Plaintiff was sometimes kept from changing his post-surgical dressing by the Department of Corrections and the CMS health care providers.

29.      Despite numerous pleas to the NJDOC, telephone calls to the Ombudsman's office, and a Notice of Tort Claim specifically informing the State of New Jersey of Plaintiff's concerns, including this fears of losing his leg, or worse his life, Plaintiff's treatment did not change.

30.     The Notice of Tort Claim filed by Kevin John Warnett during his lifetime was filed on or about November 10, 2004.

31.     The Notice of Tort Claim filed by Kevin John Warnett was filed on a *pro se* basis on a form prescribed by the State of New Jersey for that purpose.

32.     The Notice of Tort Claim filed by Kevin John Warnett clearly identified him as a inmate of the South Woods State Prison and identified the "Department of Corrections" and "C.M.S. medical care clinic" as "the State agency or agencies that you claimed caused damage."

33.     The Notice of Tort Claim filed by Kevin John Warnett made clearly claims for "person injury"; "pain & suffering, permanat (sic) discolirization (sic), and scaring of left leg & foot."

34.     The Notice of Tort Claim filed by Kevin John Warnett more particularly described his injuries as "ulcer on left shin bone, muscel cramping & swelling due to the lack of aduiquit blood thinner (cumiden) witch was not only preventing reoccurring blood clots, but was

helping the circulation problem (P.A.D.) & (arthereal sclorosis) that past D.V.T. attacks have caused." (sic as per original).

35.    No investigation or other action was ever taken by the State of New Jersey in response to the Notice of Tort Claim filed by Kevin John Warnett during his lifetime.  Rather, the State of New Jersey ignored his pleas for assistance and missed what was perhaps the last chance to save his life.  Ultimately, Kevin John Warentt died for the very lack of adequate medical care that he, as a mere layperson, understood was not being provided to him by Defendants.

36.    As a result of the failure to act by CMS and/or the NJDOC, Plaintiff's physical condition deteriorated.  Plaintiff was in pain following his surgery and was not provided with his prescribed medication.

37.    On March 17, 2005, Plaintiff was seen for acute distress, allegedly from pneumonia and was taken to South Jersey Regional Medical Center, where he died at the age of thirty-nine (39) in the care and custody of the State of New Jersey following just thirty (30) months of medical treatment from the State of New Jersey and its contracted medical provider, CMS.

38.    Plaintiff's death occurred approximately four months after he filed his Notice of Tort Claim.

**<u>FIRST COUNT</u>**

ESTATE OF WARNETT V. CMS
VIOLATIONS OF 42 U.S.C. §1983
(Formerly Count II)

39.    Plaintiff, the Estate of Kevin John Warnett, incorporates herein by reference paragraphs one (1) through thirty-eight (38) of this Complaint.

40.     Despite the knowledge of the CMS, its agents and employees, Defendant displayed deliberate indifference and/or were negligent to the medical needs of Plaintiff, by, among other things, failing to properly monitor and treat his deep venous thrombosis, failing to maintain and monitor his Coumadin therapy, failing to provide adequate treatment for Plaintiff's conditions, failing to adequate explain Plaintiff's conditions and treatment and failing to obtain informed consent when changing, modifying, and/or ceasing Plaintiff's treatment.

41.     Defendant CMS is one of the country's largest inmate health services providers and as such it is familiar with the minimally acceptable standards of care for the continued treatment, diagnosis, and monitoring of Plaintiff's conditions.

42.     Defendants acted and/or failed to act with reckless or callous disregard or, or indifference to, the rights and safety of Plaintiff.

43.     Said reckless or callous disregard has resulted in the death of Plaintiff.

44.     The Eight Amendment's proscription against cruel and unusual punishment compasses certain fundamental human right, including the right of inmates to adequate medical care.

45.     By failing to provide adequate medical care to Plaintiff, the Defendant's engaged in cruel and unusual punishment.

46.     Defendant owed Plaintiff, a duty of reasonable health care so long as Plaintiff, the Estate of Kevin John Warnett, was incarcerated and under its custody and control due to his medical condition.

47.     Defendant owed Plaintiff, a duty to provide access to health services, including but not limited to health care so long as Plaintiff was incarcerated.

48.     The actions and inactions of Defendant were performed under color of state law while acting in their official capacities as an agent of Defendant, NJDOC.

49.     Defendant was deliberately indifferent to the serous medical needs of Plaintiff and their indifference has caused the harm complained of herein in violation of Plaintiff's Eighth and Fourteenth Amendment rights.

50.     As a direct and proximate result of the aforesaid acts of the Defendant, CMS, Plaintiff suffered grievous bodily harm and death in violation of the Eighth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

51.     As a further result, Plaintiff was deprived of the rights and immunity secured to him under the Constitution of the United States and the State of New Jersey, including but not limited to his rights under the Fourteenth Amendment to not be deprived of life or Liberty without due process of law, to be free from punishment without due process, to not be subjected to cruel and unusual punishment and equal protection of the laws.

52.     The actions against Plaintiff constitute a pattern and practice of treating Plaintiff with deliberate indifference to his serious medical conditions and needs.

53.     The actions of Defendant constitute a serious disregard for Plaintiff's right to be free from unnecessary and unlawful bodily harm and the threat thereof.

54.     The Defendant's actions were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to reveal a conscious indifference to the clear risk of serious bodily harm and death to Plaintiff.

55.     As a result of the above-described violations of Plaintiff's rights, Plaintiff, incurred serious bodily harm and ultimately died.

56.    As a direct and proximate cause of the conduct of the defendants, Plaintiff, has sustained great personal injury, deterioration of general health, severe and intense pain and suffering, and death.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against Defendant jointly, severally, and individually as follows:

A.    Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.    Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

C.    Awarding punitive damages against all defendants;

D.    Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.    Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.

### SECOND COUNT

ESTATE OF WARNETT V. CMS
EQUAL PROTECTION
(Formerly Count III)

57.    Plaintiff, the Estate of Kevin John Warnett, repeats and reiterates each and every allegation of the First Count as though more fully set forth at length herein and incorporates herein by reference paragraphs one (1) through fifty-six (56) of this Complaint.

58.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution states that no state shall deny to any person within its jurisdiction equal protection of the laws.

59.    At all times material hereto, the Plaintiff was a member of a protected class.

60.    At all times material herein, all Plaintiff received treatment different from the treatment provided to other inmates.

61.    Plaintiff was denied adequate medical treatment.

62.    As a result, the Plaintiff sustained great personal injury, deterioration of general health, severe and intense pain and suffering, and ultimately his death.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against defendants jointly, severally, and individually as follows:

A.    Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.    Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

C.    Awarding punitive damages against all defendants;

D.    Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.    Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.

## THIRD COUNT

PLAINTIFF, THE ESTATE OF KEVIN JOHN WARNETT, V. CMS
NEGLIGENCE AND DELIBERATE INDIFFERENCE
(Formerly Count IV)

63.    Plaintiff, the Estate of Kevin John Warnett, repeats and reiterates each and every allegation of the First and Second Counts as though more fully set forth at length herein and incorporates herein by reference paragraphs one (1) through sixty-two (62) of this Complaint.

64.    Defendant, CMS, owed the following duties to Plaintiff:

a)    to adopt, formulate, maintain, and enforce customs, policies, and procedures to insure that Plaintiff was not subjected to deliberate indifference to serious medical needs;

b)    to engage or employ competent and suitable employees in corrections positions;

c)    to properly supervise, direct, and control the corrections officials and/or agents under their control.

d)    to provide medical care and treatment to the Plaintiff; and

e)    to inform Plaintiff, of any medical conditions that requires medical screening and/or treatment.

65.    CMS breached these duties by being negligent and/or deliberately indifferent to Plaintiff's immediate medical needs, despite knowing that denying treatment and education to Plaintiff, exposed him to harm to his health.

66.    The acts and omissions of Defendant, CMS, its agents and employees were the proximate cause of injuries, damages, losses and death suffered by Plaintiff.

67.     The acts and omissions of Defendant, CMS, its agents and employees increased the risk of harm, injuries, losses and death suffered by Plaintiff.

68.     The acts and omissions of Defendant, CMS, its agents and employees caused Plaintiff to suffer serious illness, agonizing physical and emotional pain, and death.

69.      As a further result of the aforementioned injuries, Plaintiff was hindered and prevented from attending to his usual and daily duties and has been completely deprived of his life.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against defendants jointly, severally, and individually as follows:

A.     Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.     Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

C.     Awarding punitive damages against all defendants;

D.     Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.     Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.

**FOURTH COUNT**

PLAINTIFF, THE ESTATE OF KEVIN JOHN WARNETT, V. CMS
MEDICAL MALPRACTICE
(Formerly Count V)

70.    Plaintiff, the Estate of Kevin John Warnett, repeats and reiterates each and every allegation of the First, Second and Third Counts as though more fully set forth at length herein and incorporates herein by reference paragraphs one (1) through sixty-nine (69) of this Complaint.

71.    The negligence, carelessness, and malpractice of CMS Defendants consisted of the following:

a)    failing to recognize the rights, safety and health of Plaintiff;

b)    failing to exercise the standard of skill and care commonly exercised by health care providers in like cases;

c)    failing to properly treat Plaintiff's medical condition during his incarceration;

d)    failing to appropriately monitor and test Plaintiff;

e)    failing to inform Plaintiff, of his health status and treatment;

f)    failing to utilize and consult competent and experienced physicians and other health care providers in examining, treating, and providing medical care to Plaintiff;

g)    being otherwise negligent and careless and having committed malpractice upon Plaintiff; and

h)    violating the laws, ordinances, and statutes of the State of New Jersey.

14

72.     The acts and omissions of CMS, its agents and employees were the proximate cause of the injuries, damages, and losses suffered by Plaintiff.

73.     The acts and omissions of CMS, its agents and employees increased the risk of harm, injuries, losses and death suffered by Plaintiff.

74.     The acts and omissions of CMS, its agents and employees caused Plaintiff to suffer serious illness and agonizing physical and emotional pain.

75.     As a further result of the aforementioned injuries, Plaintiff has been hindered and prevented from attending to his usual daily duties and has been completely deprived of his life.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against defendants jointly, severally, and individually as follows:

A.     Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.     Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

C.     Awarding punitive damages against all defendants;

D.     Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.     Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.

15

## FIFTH COUNT

ESTATE OF KEVIN WARNETT V. CMS
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Formerly Count VI)

76.    Plaintiff, the Estate of Kevin John Warnett, repeats and reiterates each and every allegation of the First, Second, Third, and Fourth Counts as though more fully set forth at length herein and incorporates herein by reference paragraphs one (1) through seventy-five (75) of this Complaint.

77.    The above described malicious, intentional, and/or reckless acts and omissions of Defendant were outrageous, atrocious, and completely intolerable in a civilized society, and went beyond all bounds of decency.

78.    The above described malicious, intentional, and/or reckless acts and omissions of the Defendant caused Plaintiff severe emotional distress, anxiety, and fear.

79.    As a direct and proximate result of the malicious, intentional, and/or reckless acts and omissions Defendant, Plaintiff suffered injuries, which are described above.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against defendant jointly, severally, and individually as follows:

A.    Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.    Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

C.    Awarding punitive damages against all defendants;

D.     Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.     Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.

## SIXTH COUNT

ESTATE OF KEVIN WARNETT V. CMS AND NJDOC
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Formerly Count VII)

80.     Plaintiff, the Estate of Kevin John Warnett, repeats and reiterates each and every allegation of the First, Second, Third, Fourth, and Fifth Counts as though more fully set forth at length herein and incorporates herein by reference paragraphs one (1) through seventy-nine (79) of this Complaint.

81.     In addition to the Notice of Tort Claim filed by Kevin John Warnett on our about November 10, 2004 (hereinafter "the first Notice of Tort Claim"), Plaintiff filed a separate Notice of Tort Claim on or about June 14, 2005.  (hereinafter "the second Notice of Tort Claim).

82.     Like the first Notice of Tort Claim, the second Notice of Tort Claim was completed on a form prescribed by the State of New Jersey for this purpose.

83.     In the cover letter accompanying the second Notice of Tort Claim, reference as made to the first Notice of Tort Claim and a copy of the first Notice of Tort Claim was appended to the second Notice of Tort Claim.

84.     The second notice of Tort Claim added claims for "wrongful death and loss of consortium" as a result of Plaintiff's death.

85.     Like the first Notice of Tort Claim, the second Notice of Tort Claim was ignored by the State of New Jersey.     Specifically no investigation was ever conducted into the

circumstances of Plaintiff's death and no response to the Notice of Tort Claim was ever communicated to the Plaintiff or her counsel.

86.    Plaintiff believes and therefore avers that the Defendants, CMS and NJDOC, through the actions of their officers, agents, servants, and/or employees, as more fully set forth in the preceding paragraphs of this Complaint, did negligently inflict serious emotional distress upon Plaintiff in a negligent and/or reckless manner.

87.    As a direct result of the actions of the Defendants, Plaintiff was caused serious emotional damages and has experienced great emotional trauma prior to his death.

88.    As a direct result of the actions of the Defendants, Plaintiff suffered damages described in this Complaint.

89.    Plaintiff has provided sufficient notice under the New Jersey Tort Claims Act to proceed under this theory and this theory of liability against the Defendant, NJDOC, is permissible under the New Jersey Tort Claims Act.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against defendants jointly, severally, and individually as follows:

A.    Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.    Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

C.    Awarding punitive damages against all defendants;

D.    Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.      Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.


## SEVENTH COUNT

PLAINTIFF, THE ESTATE OF KEVIN JOHN WARNETT, V. CMS AND NJDOC
VIOLATIONS OF THE ADA
(Formerly Count VIII)

90.      Plaintiff, the Estate of Kevin John Warnett, repeats and reiterates each and every allegation of the First, Second, Third, Fourth, Fifth, and Sixth Counts as though more fully set forth at length herein and incorporates herein by reference paragraphs one (1) through eighty-nine (89) of this Complaint.

91.      Plaintiff suffered from deep venous thrombosis, a medical condition that required continual medical monitoring and treatment and a recognizable disabilities under the Americans with Disabilities, 42 U.S.C. §§ 12131 et. seq., and Plaintiff was a "qualified individual with a disability" who is otherwise entitled to the provision of services in the form of medical testing, treatment, or education from defendants who are legally bound to provide said services.

92.      Plaintiff, was excluded from the receipt of services in the form of medical monitoring, treatment or education from all of the Defendants, and each of them, both jointly and severally, solely on the basis of his deep venous thrombosis disability.

93.      All defendants are the legally responsible providers of medical testing, treatment, and education for Plaintiff's disability, and as public entities and/or instrumentalities thereof are in violation of the ADA by virtue of their unlawful, discriminatory, and intentional practice of excluding Plaintiff, from the benefit, provision, and participation in said services.

94.     Defendants' acts and omissions were the proximate cause of the injuries, damages, losses and death suffered by Plaintiff.

95.     Defendants' acts and omissions increased the risk of harm, injuries, damages, and losses suffered by Plaintiff.

96.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff suffered serious illness and agonizing physical emotional pain and death.

97.     As a further result of defendants' wrongful conduct, Plaintiff has been hindered and prevented from attending to his usual and daily duties and ultimately deprived of his life.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against defendants jointly, severally, and individually as follows:

A.     Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.     Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

C.     Awarding punitive damages against all defendants;

D.     Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.     Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.

## EIGHTH COUNT

PLAINTIFF, THE ESTATE OF KEVIN JOHN WARNETT, V. CMS AND NJDOC
PUNITIVE DAMAGES
(Formerly Count X)

98.     Plaintiff, the Estate of Kevin John Warnett, repeats and reiterates each and every allegation of the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Counts as though more fully set forth at length herein and incorporates herein by reference paragraphs one (1) through ninety-seven (97) of this Complaint.

99.     The death of Kevin John Warnett was the culmination of a series of malicious acts committed by Defendants against Plaintiff.

100.    At all times the Defendants, CMS and NJDOC, acted with wanton and willful disregard towards Mr. Warnett's rights.

101.    Punitive damages are appropriate in this case as a punishment to the Defendants and will serve as a deterrent to others not to follow their example.

102.    Plaintiff has provided sufficient notice under the New Jersey Tort Claims Act to proceed under this theory and this theory of liability against the Defendant, NJDOC, is permissible under the New Jersey Tort Claims Act.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against defendants jointly, severally, and individually as follows:

A.      Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.      Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

21

C.     Awarding punitive damages against all defendants;

D.     Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.     Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.

## NINTH COUNT

CHRISTINE M. WARNETT V. CMS AND NJDOC
LOSS OF CONSORTIUM
(Formerly Count XI)

103.    Plaintiff, the Estate of Kevin John Warnett, repeats and reiterates each and every allegation of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Counts as though more fully set forth at length herein. and incorporates herein by reference paragraphs one (1) through one hundred two (102) of this Complaint.

104.    Kevin John Warnett and Christine M. Warnett were married under the laws of the State of New Jersey on or about August 14, 1993.

105.    As a product of this marriage Plaintiff, Christine M. Warnett, was entitled to the services, society and companionship of her husband.

106.     Due to the willful, wanton, reckless, and/or negligent acts of Defendants in failing to provide adequate and effective medical care, depriving Kevin John Warnett of his rights under the Constitution of the United States and of the State of New Jersey, and in violating the laws of the State of New Jersey, Plaintiff, Christine M. Warnett has incurred expense for the care and treatment of her husband.

107.    In addition, Plaintiff, Christine M. Warnett, has been completely deprived of the

services, society, and companionship of her husband, been forced to suffer severe emotional distress.

108.     As a further result of the wrongful conduct of Defendants, CMS and NJDOC, Plaintiff, Christine M. Warnett, will continue to suffer from the loss of her husband in the form of loss of consortium, services, society, companionship as well as ongoing emotional distress.

109.     Plaintiff has provided sufficient notice under the New Jersey Tort Claims Act to proceed under this theory and this theory of liability against the Defendant, NJDOC, is permissible under the New Jersey Tort Claims Act.

**WHEREFORE**, Plaintiff, the Estate of Kevin John Warnett, demands judgment against defendants jointly, severally, and individually as follows:

A.     Declaring that the conduct of defendants was unlawful as described in this Complaint;

B.     Entering an award against defendants and in favor of Plaintiff, the Estate of Kevin John Warnett, for compensatory damages, including damages for pain and suffering, emotional distress, and past medical expenses, funeral expenses and/or nominal damages;

C.     Awarding punitive damages against all defendants;

D.     Awarding Plaintiff, the Estate of Kevin John Warnett, costs, together with reasonable attorneys' fees; and

E.     Such other relief as the Court deems necessary and proper and/or which is available under state or federal law.

## JURY DEMAND

Plaintiff, the Estate of Kevin John Warnett, hereby demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

John E. Kawczynski is hereby designated as trial counsel in this matter.

FIELD WOMACK & KAWCZYNSKI, LLC
Attorney for Plaintiffs, Christine M. Warnett as
Administratrix of the Estate of Kevin J. Warnett
and Christine M. Warnett

By: /s/ *John E. Kawczynski*

        John E. Kawczynski (JK 7349)

FIELD WOMACK & KAWCZYNSKI, LLC
137 South Broadway, Suite B-1
South Amboy, New Jersey 08879
Phone: (732) 553-9030
Fax:     (732)553-9040
Email: jek@fwklaw.com

Dated:  April 30, 2008